TIMOTHY J. MURPHY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Murphy v. Commissioner
Docket No. 19022-82.
United States Tax Court
T.C. Memo 1984-273; 1984 Tax Ct. Memo LEXIS 401; 48 T.C.M. (CCH) 149; T.C.M. (RIA) 84273; May 22, 1984. *401 Held, the filing of a nonfraudulent amended return subsequent to the filing of a fraudulent return does not commence the three-year statute of limitations under section 6501(a). [1] Petitioner's motion for summary judgment is denied. Badaracco v. Commissioner,104 S. Ct. 756 (1984), followed. John F. Dargin, Jr., for the petitioner. Barry J. Laterman, for the respondent. NIMS
MEMORANDUM OPINION NIMS, *402 Judge: This case is before us on petitioner's motion for summary judgment made pursuant to Rule 121. The basis for the motion is that the statute of limitations bars the collection of certain additions to tax under section 6653(b). The following is a summary of the undisputed facts. Petitioner Timothy T. Murphy resided at Milton, Massachusetts, at the time he filed the petition. Petitioner and his now deceased wife timely filed Federal income tax returns for the taxable years 1974 and 1975.For purposes of this motion, petitioner concedes that these returns were fraudulent. On September 20, 1977, petitioner and his now deceased wife filed nonfraudulent amended Federal income tax returns for the taxable years 1974 and 1975. On May 11, 1982, respondent mailed a statutory notice of deficiency to petitioner determining, on the basis of the amended returns, no deficiencies in petitioner's 1974 and 1975 Federal income taxes, but, on the basis of petitioner's original returns, additions to tax under section 6653(b) of $4,685 in 1974 and $4,536 in 1975. On February 28, 1983, petitioner moved for summary judgment on the issue of whether the assessment and collection of *403 the additions to tax for 1974 and 1975 was barred by the three-year period of limitations under section 6501(a). A summary judgment may be entered under Rule 121(b) if there exists no genuine issue as to any material fact. The parties agree that for the purposes of the issue raised by this motion there are no material facts in dispute. Petitioner recognizes that section 6501(c) allows respondent to assess an addition to tax at any time in the case of a fraudulent return. Petitioner argues, however, that the subsequent filing of an amended return commences the running of the three-year period of limitations provided in section 6501(a) and thus supercedes the unlimited period for assessment in section 6501(c). Petitioner therefore concludes that respondent's determination of additions to tax under section 6653(b) is barred because the deficiency notice was not issued within three years of the filing of his amended return. In the recent case of , (84-1 USTC par. 9150) (1984), the Supreme Court ruled directly on this issue and held that the filing of a nonfraudulent amended return subsequent to the filing *404 of a fraudulent return does not commence the three-year period of limitations under section 6501(a). We therefore deny petitioner's motion for summary judgment as a matter of law. Rule 121(b). The case will be restored to the general docket and will be calendared for trial in due course. Accordingly, An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the years in issue. All references to Rules are to the Tax Court Rules of Practice and Procedure.↩